**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE DICKERSON,** | : | **Civil No. 1:11-CV-1785** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PRIME CARE MEDICAL, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

## I.     Statement of Facts and of the Case

The plaintiff, George Dickerson, is a prisoner in the Cumberland County Prison who has filed a *pro se* civil rights complaint on September 27, 2011. (Doc. 1) Dickerson's complaint names four defendants: Prime Care Medical Inc., the prison corporate health care provider, and three individuals, Dr. William Young, a physician at the prison, Tanya Schisler, PAC, and Lisa Smith, RN. (Id.)  In terms of its factual averments, the complaint itself is a spare document which simply recites that the plaintiff entered the prison on August 1, 2011. (Id.)  Seven days later, on August 8, 2011, Dickerson was seen by defendant Tanya Schisler, a physician assistant employed by Prime Care, and was prescribed two pain killers for muscle spasms. "Flexeril" and "naprosen". (Id.)  On August 16, 2011, blood samples were drawn on

1

from Dickerson. (Id.) Two days later, on August 18, 2011, Dickerson's prescription for "Flexeril" was discontinued, but his prescription for "naprosen" remained in place. (Id.) Dickerson alleges that he is a long-time "Flexeril" user, and that he suffered from spasms due to this change in medication by prison medical staff. (Id.) He acknowledges, however, that he has met with medical staff who have advised him that they have made this adjustment in his medication because: "Dr. Young stat[ed] that prolonged use of 'Flexeril' [is] not recommended." (Id.) On the basis of this dispute regarding a choice of medicine to address back spasms, Dickerson lodges this complaint seeking damages of "no more than $250,000 and no less than $200,000." (Id.)

Dickerson has not tendered a filing fee with this complaint and thus appears to be seeking leave to proceed *in forma pauperis*. For the reasons set forth below, we will GRANT the plaintiff leave to proceed *in forma pauperis* , but recommend that the Court dismiss Dickerson's complaint for failure to state a claim upon which relief can be granted without prejudice to allowing Dickerson to attempt to correct the deficiencies noted in this complaint by filing an amended complaint.

## II.   Discussion

## A.   Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

### B.   Legal Standards Governing Eighth Amendment "Deliberate Indifference" Claims in a Prison Medical Context.

Liberally construed, the gravamen of this complaint is that prison medical officials violated the plaintiff's rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to this inmate's medical needs.  Dickerson faces an exacting burden in advancing this Eighth Amendment claim against prison officials in their individual capacities.  To sustain such a claim, the plaintiff must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Eighth Amendment benchmark, the courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. See Jones v. Beard, 145 F. App'x 743 (3d Cir. 2005)(finding no Eighth Amendment violation where inmate-

plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an attack.)  In short, when "analyzing deliberate indifference, a court must determine whether the prison official 'acted or failed to act despite his knowledge of a substantial risk of serious harm.' Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A prisoner plaintiff must prove that the prison official 'knows of and disregards an excessive risk to inmate health or safety.' Id. at 837." Garvey v. Martinez, 08-2217, 2010 WL 569852, at *6 (M.D.Pa. Feb. 11, 2010).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care.  In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976).  To establish a violation of his constitutional right to adequate medical care in accordance with this standard, the plaintiff is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.  Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical

treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.  "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners."  Durmer, 991 F.2d at 67 (citations omitted).  Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").  Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997).  Applying this

exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services.  Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his . . . care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." . . . . [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care . . . . Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

<u>James</u>, 230 F. App'x at 197-198.(citations omitted).

In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (quoting <u>Bowring v. Godwin</u>, 551 F.2d 44, 48 (4th Cir. 1977)).  Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. <u>See</u> <u>Taylor v. Norris</u>, 36 Fed. Appx. 228, 229 (8th Cir. 2002); <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1024-35 (7th Cir.1996); <u>Sherrer v. Stephen</u>, 50 F.3d 496, 497 (8th Cir.1994).  Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983; <u>see e.g.</u>, <u>Gause v. Diguglielmo</u>, 339 F. App'x 132 (3d Cir. 2009)(dispute over choice of medication does not rise to the level of an Eighth Amendment violation); <u>Innis v. Wilson</u>, 334 F. App'x 454 (3d Cir. 2009)(same); <u>Rozzelle v. Rossi</u>, 307 F. App'x 640 (3d Cir. 2008)(same); <u>Whooten v. Bussanich</u>, 248 F. App'x 324 (3d Cir. 2007)(same); <u>Ascenzi v. Diaz</u>, 247 F. App'x 390 (3d Cir. 2007)(same), since "the exercise by a doctor of his professional

judgment is never deliberate indifference." <u>Gindraw v. Dendler</u>, 967 F.Supp. 833, 836

(E.D. Pa. 1997)(citations omitted).

**C.     In its Current Form Dickerson's Complaint Fails to State a Claim Against the Defendants Upon Which Relief Can Be Granted**

Judged against these exacting standards, Dickerson's complaint, in its current

form, fails to state a claim of deliberate indifference by any of the individual

defendants named in this case.  Quite the contrary, the complaint affirmatively shows

that Dickerson received on-going medical care from these defendants following his

incarceration on August 1, 2011.  Thus, Dickerson recites that he has been seen and

examined by the defendants; that the defendants have done blood tests on him, and

that the defendants prescribed two different pain medications for his back spasms.

While Dickerson notes that one of these medications, "Flexeril", was discontinued

by the medical staff, the reason for this medical decision, as described by Dickerson,

is that:  "Dr. Young stat[ed] that prolonged use of 'Flexeril' [is] not recommended."

(<u>Id</u>.)  Thus, at bottom, Dickerson's dispute with these individual defendants, as

recited in his complaint, is nothing more than a disagreement between an inmate and

doctors over alternate treatment plans, a disagreement which as a legal matter fails

as a constitutional claim; <u>see e.g.</u>, <u>Gause v. Diguglielmo</u>, 339 F. App'x 132 (3d Cir.

2009)(dispute over choice of medication does not rise to the level of an Eighth

Amendment violation); <u>Innis v. Wilson</u>, 334 F. App'x 454 (3d Cir. 2009)(same);

Rozzelle v. Rossi, 307 F. App'x 640 (3d Cir. 2008)(same); Whooten v. Bussanich, 248 F. App'x 324 (3d Cir. 2007)(same); Ascenzi v. Diaz, 247 F. App'x 390 (3d Cir. 2007)(same), since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997)(citations omitted).

These same principles continue to apply to Prime Care, Inc., the corporate defendant cited in this complaint.  Prime Care is apparently named in this action because it is the corporate health care provider that contracts to deliver prison medical care to inmates at the prisons where Dickerson is housed, and employs the medical professionals who treated Dickerson.  However, this general assertion, standing alone, is not sufficient to hold Prime Care culpable for any alleged misdeeds by individual health care providers.  Quite the contrary, it is well-settled that: "Prime Medical is not liable for constitutional violations committed by its employees, unless Prime Medical has adopted a policy, practice or custom that caused the constitutional violations alleged. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see Woodward v. Corr. Med. Servs., 368 F.3d 917, 927 (7th Cir.2004)." Stankowski v. Farley, 251 F. App'x 743, 748 (3d Cir. 2007)(summary affirmance of dismissal).

Here Dickerson has not identified, or pled, either: (1) a constitutional infraction by any Prime Care, Inc., employee; or (2) any corporate  policy, practice or custom

that caused a constitutional violation.  Therefore, his current claims against Prime Care, Inc., fail.

### D.   Dickerson's Complaint Should be Dismissed Without Prejudice

While this screening merits analysis calls for dismissal of this action in its current form, we recommend that Dickerson  be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff be granted leave to proceed *in forma pauperis*, but that the plaintiff's

complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of September, 2011.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge